# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DEBRA K. HUGGINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 10-2050-CM-GLR |
| ) | |
| THE HAYES COMPANY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM AND ORDER

Plaintiff Debra K. Huggins brings this action against defendant The Hayes Company, Inc., alleging that defendant negligently maintained an icy condition on its premises that caused plaintiff to fall and sustain injuries. On January 26, 2010, plaintiff filed her complaint and designated Kansas City as the place of trial. Before the court is defendant's Motion to Determine the Place of Trial (Doc. 5). Defendant requests the court transfer the matter to the United States District Court for the District of Kansas in Wichita, Kansas. For the following reasons, the court denies the motion.

**I.     Legal Standard**

The court is not bound by the parties' requests for place of trial and may determine the place of trial upon motion or in its discretion. D. Kan. Rule 40.2(e). In considering motions for intra-district transfers, courts in this district often look to the same factors relevant to motions for change of venue under 28 U.S.C. § 1404(a). *See Aramburu v. Boeing Co.*, 896 F. Supp. 1063, 1064 (D. Kan. 1995). Because Kansas constitutes one district, § 1404(a) is not on its face applicable to intra-district transfers. *Id.* However, § 1404(c) states that "[a] district court may order any civil action to be tried at any place within the division in which it is pending." *Id.* The factors relevant to the §

1404(a) analysis include "[plaintiffs'] choice of forum, the convenience for witnesses, the accessibility of witnesses and other sources of proof," the possibility of obtaining a fair trial, "and 'all other considerations of a practical nature that make a trial easy, expeditious and economical.'" *Id.* (quoting *Chrysler Credit Corp. v. County Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991)). Unless these factors weigh strongly in favor of the moving party, "the plaintiff's choice of forum should rarely be disturbed." *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992) (quoting *William A. Smith Contracting Co. v. Travelers Indem. Co.*, 467 F.2d 662, 664 (10th Cir. 1972)). As the moving party, defendant bears the burden of establishing the existing forum is inconvenient. *Smith v. Staffmark Temporary Agency*, No. 07-2089-CM-GLR, 2007 WL 2436669, at *1 (D. Kan. Aug. 22, 2007) (citing *Scheidt*, 956 F.2d at 965).

## II.     Analysis

### A.     Plaintiff's Choice of Forum

A plaintiff's choice of forum is entitled to great deference. *Baker v. Via Christi Reg'l Med. Ctr.*, No. 06-2168-KHV, 2007 WL 913925, at *2 (D. Kan. March 23, 2007) (citing *Scheidt*, 956 F.2d at 965). Where the plaintiff's choice of forum is not the plaintiff's residence, the consideration is given much less weight. *Id.* (citing *Wichita Investors, LLC v. Wichita Shopping Ctr. Assocs.*, No. 02-2186-CM, 2002 WL 1998206, at *1 (D. Kan. Aug. 7, 2002)).

"In fact, when the plaintiff does not reside in the chosen forum, the rationale for allowing the plaintiff to dictate the forum evaporates." *Spires v. Hosp. Corp. of Am.*, No. 06-2137-JWL, 2006 WL 1642701, at *2 (D. Kan. June 8, 2006). Here, plaintiff is not a resident of Kansas. She currently resides in Tennessee. Plaintiff does have some connection to Kansas City in that she sought

treatment there following her injury and anticipates staying in Kansas City during the trial. Overall, however, this factor is neutral.

### B. Convenience for Witnesses, Accessibility of Witnesses and Other Sources of Proof

The convenience of witnesses is the most important factor in deciding a motion under 1404(a). *Cook v. Atchison, Topeka & Santa Fe Ry. Co.*, 816 F. Supp. 667, 669 (D. Kan 1993). Defendant argues that Wichita is the more convenient location for trial because (1) the incident which is the subject matter of this litigation occurred in Valley Center, Kansas, near Wichita; (2) witnesses are located in the Wichita, Kansas area, including two employees who will give testimony regarding the actual event, two employees who will give testimony regarding the maintenance of the premises in question, and contractors responsible for ice and snow removal on the premises; and (3) plaintiff's initial medical care providers, who are also potential witnesses, are located in Wichita. Plaintiff argues that Kansas City is the more convenient location for trial because, following her injury, she received medical care in the Kansas City area, and she anticipates calling a treating orthopedic doctor and physical therapist as witnesses. Second, she anticipates calling individuals located in Kansas City, Kansas, who helped her following her injury, including friends who observed the injuries. Third, plaintiff anticipates that during the trial she will stay in Kansas City, Kansas, with the family of those who helped her following her injury.

Defendant is located in Valley Center, Kansas, which is just outside the Wichita area. Employees, contractors, and plaintiff's initial medical care providers that defendant expects to call as witnesses are also in the Wichita area. Travel to Kansas City would be inconvenient for these witnesses, who would have to travel several hours each way to testify and may have to stay overnight if their testimony spanned more than a day. Nonetheless, plaintiff expects to call two

-3-

healthcare providers in Kansas City, as well as individuals who had personal observations of plaintiff's injuries, who would also have to travel several hours to Wichita and possibly stay overnight. Although plaintiff is a resident of Tennessee, she expects to stay with friends in Kansas City during the trial, similarly making Wichita an inconvenient location. The parties' attorneys are split between the two cities: defendant's in Wichita and plaintiff's in Kansas City. The court notes, however, that convenience of counsel is entitled to little, if any, weight in deciding a motion for transfer. *Jones v. Wichita State Univ.*, No. 06-2131-KHV-GLR, 2007 WL 1173053, at *2 (D. Kan. Apr. 19, 2007). While it appears that several more witnesses would be inconvenienced by holding the trial in Kansas City, the court must find that Kansas City is substantially inconvenient not just that Wichita is marginally more convenient. *Id.* For these reasons, the court finds that this factor weighs only slightly more in favor of trial in Wichita.

### C. Possibility of Obtaining a Fair Trial

Another factor the court considers in ruling on a motion to transfer is the possibility of obtaining a fair trial. *Smith*, 2007 WL 2436669, at *1. There is no suggestion by either party that one location is more likely to yield a fair trial than another. The issues in this case can be competently decided by a jury in either Kansas City or Wichita. Accordingly, this factor is neutral.

### D. Other Considerations

All other considerations of a practical nature that make a trial easy, expeditious or economical are neutral. The court is mindful that "[m]erely shifting the inconvenience from one side to the other . . . obviously is not a permissible justification for a change of venue." *Scheidt*, 956 F.2d at 966. After weighing all the relevant factors, the court finds that defendant has failed to establish that Kansas City is substantially inconvenient.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Determine Place of Trial (Doc. 5) is denied.

Dated this 1st day of June 2010, at Kansas City, Kansas.

                                          **s/ Carlos Murguia**
                                          **CARLOS MURGUIA**
                                          **United States District Judge**